# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-09-22-M |
| | ) |
| KARL MADISON and | ) |
| VANESTER MADISON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Vanester Madison's Motion to Separate Trial on Counts 2 and 3, filed April 14, 2009. After receiving two extensions of time, the government has not filed any response to defendant's motion.

On January 22, 2009, a four-count Indictment was returned by the federal grand jury, naming Karl Madison and Vanester Madison as co-defendants.[1] Count 1 charges Karl Madison with conspiracy to possess with intent to distribute and to distribute crack cocaine; the allegations in Count 1 date back to 1993. Vanester Madison is not charged in Count 1 nor is she alleged to have been a participant in any conspiracy. Count 2 charges Vanester Madison with structuring financial transactions to avoid federal reporting requirements in May and June 2007. Karl Madison is not named in Count 2. Count 3 charges both Vanester Madison and Karl Madison with money laundering on or about June 13, 2007. Count 4 charges Karl Madison with distributing crack cocaine in April 2008. Vanester Madison is not charged in Count 4.

---

[1] Vanester Madison is Karl Madison's mother.

Defendant Vanester Madison asserts that she is prejudiced by the joinder of Counts 2 and 3 with Counts 1 and 4 and moves the Court for an order granting her a separate trial on Counts 2 and 3. Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Generally, persons indicted together are tried jointly. *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985). "The defendant has the burden of clearly showing prejudice would result from a joint trial. . . . [she] must affirmatively show that a joint trial abridges [her] right to a fair trial." *United States v. Troutman*, 814 F.2d 1428, 1447 (10th Cir. 1987) (internal citations omitted).

Having carefully reviewed defendant's motion, the Court finds that defendant Vanester Madison has met her burden of clearly showing that she would be prejudiced if Counts 2 and 3 are tried with Counts 1 and 4. Vanester Madison is not charged with the sixteen-year drug conspiracy, and no allegations have been made that she was involved in any drug activity or those drug offenses with which her co-defendant Karl Madison has been charged. The Court finds that evidence of these other drug crimes will undoubtedly prejudice Vanester Madison's defense at trial and will distract the jury. Further, the Court finds that the deposits made by Vanester Madison in 2007 – the subject of Count 2 – are distinct and independent from evidence of any alleged drug distribution scheme in 1993, where Vanester Madison was not an identified participant or co-conspirator. Finally, the Court finds that the "spillover prejudice" from Karl Madison's charges to Vanester Madison will prevent the jury from individualizing each defendant.

Accordingly, the Court GRANTS defendant Vanester Madison's Motion to Separate Trial on Counts 2 and 3 [docket no. 239] and SEVERS Counts 2 and 3 for trial.

**IT IS SO ORDERED this 1st day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE